**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-1654**

---

CHRISTOPHER B. STEG; CAYLA B. STEG,

    Plaintiffs - Appellants,

  v.

JAMES H. JOHNSON; CONRAD BOYD STURGES, III; DAVIS, STURGES
AND TOMLINSON, Lawyers; BETTY LYNN CURRIN; BETTY JOHNSON;
KIMBERLY J. ROGERS; ROGERS AND ROGERS, Lawyers; AMY J.
PERALTA; RANDOLPH A. BASKERVILLE; J. HENRY BANKS; CAROLINE
S. BURNETTE; SAMUEL B. CURRIN, III,

    Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.  (5:16-cv-00149-BO)

---

Submitted:  September 29, 2016   Decided:  October 3, 2016

---

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Christopher B. Steg; Cayla B. Steg, Appellants Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher and Cayla Steg appeal the district court's order dismissing their civil action. We have reviewed the record and find no reversible error.[1] The district court properly dismissed the 42 U.S.C. § 1983 (2012) claim on the grounds that the defendants were immune from such claims, see Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges entitled to absolute immunity unless acing in "clear absence of jurisdiction"); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)); Fleming v. Asbill, 42 F.3d 886, 889 (4th Cir. 1994) (guardians ad litem immune from § 1983 claims for actions "occurr[ing] within the judicial process"), or were not acting under color of state law. Additionally, the court correctly rejected federal civil conspiracy claim and did not err in

---

[1] After the district court issued its order and judgment, which relied in part on the Rooker-Feldman doctrine, we issued an opinion clarifying the narrow scope of the doctrine. Thana v. Bd. of License Commissioners for Charles Cty., Md., 827 F.3d 314 (4th Cir. 2016). However, because the district court provided alternate and sufficient bases for rejecting all of the Stegs' claims, we find it unnecessary to consider whether the court's Rooker-Feldman analysis is in line with Thana.

declining to exercise supplemental jurisdiction over the state law claims. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3